# IN THE UNITED STATES DISTRICT COURT FOR THE
# MIDDLE DISTRICT OF TENNESSEE
# NASHVILLE DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | Criminal No. 3:17-cr-00204-1 |
| | ) | Judge Trauger |
| MICHAEL CHARLES MCDONALD | ) | |
| | ) | |

## MEMORANDUM AND ORDER

After remand from the Sixth Circuit on the issue of whether or not this defendant should have received a 3-point enhancement for his role in the offense under Section 3B1.1 of the USSG, the court ordered additional briefing on the issue. The court has now received the briefs of the parties (Docket Nos. 151, 152).

In its brief, the government never even cites to *United States v. Kamper*, 748 Fed. 3d 728 (6th Cir. 2014), on which the Sixth Circuit's remand opinion hinged. The Sixth Circuit was very concerned that there was an insufficient factual basis to assign a 3-point leadership role to the defendant, in that the court did not make the factual finding that the defendant managed or supervised one or more other participants in the drug conspiracy. The government's brief focuses on whether this defendant controlled the scheme itself, rather than whether he managed or supervised other participants. Although the government asserts that this defendant "directed Harper and Huddleston to deal directly with him" (Docket No. 152 at 4), that is not the import of Agent DeRiggi's testimony to which the government's brief cites. McDonald did not control Weiss in any way; he simply cut him out of the deal McDonald had with the confidential source. And he did not "direct" Harper and Huddleston to deal directly with him; he simply cut Weiss out of the deal. At McDonald's sentencing hearing, Huddleston specifically testified that McDonald did not give him instructions to do anything, that instructions given to him were from

Mr. Harper. (Docket No. 132 at 15-21). Moreover, the government has cited to no factual evidence that McDonald instructed Harper to do anything. As the court found at the initial sentencing of McDonald: "He was the supplier to Harper. But he didn't direct anything about Mr. Huddleston. We have no evidence that he really directed the people that he was buying the pills from up in Detroit. If they willingly sold them to him, he's not directing their activity." (Docket No. 132 at 47).

Regardless of the other factors necessary for a leadership role, the Sixth Circuit clearly held in this case that it is essential that the defendant have managed or supervised one or more participants in order to qualify for a leadership role. Application Note 2 to Section 3B1.1 requires this as well: "To qualify for an adjustment under this section, the defendant must have been the organizer, leader, manager, or supervisor of one or more other participants."

The government has failed to carry its burden to establish by a preponderance of the evidence that the defendant should be assigned any additional points for an aggravating role in this offense. Therefore, removing the 3 points previously assigned results in a total Offense Level of 27. That, coupled with a Criminal History Category I, results in an advisory guideline range of 70-87 months. The court previously gave a downward variance of approximately 26% from the bottom of the guideline for the other reasons expressed at the sentencing. Therefore, the court is willing to make the same downward variance of 26% from the new guideline range, resulting in a sentence of 52 months in the custody of the Bureau of Prisons.

It is therefore ORDERED that this defendant is hereby RESENTENCED to a custody term of 52 months (instead of 72 months). All other terms and conditions of his sentencing remain unchanged.

It is so **ORDERED**.

_____
ALETA A. TRAUGER
U.S. District Judge